Tyler J. Woods (State Bar No. 232464)
 twoods@trialnewport.com
Tu-Quyen Pham (State Bar No. 260864)
tpham@trialnewport.com
**NEWPORT TRIAL GROUP**
A Professional Corporation
4100 Newport Place, Suite 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and Counter-Defendant
THERMOLIFE INTERNATIONAL, LLC

Gary L. Eastman, Esq. (CSB #182518)
Matthew C. McCartney, Esq. (CSB #226687)
Tifanie H. Nelson, Esw. (CSB #286935)
**EASTMAN & MCCARTNEY LLP**
401 West A Street, Suite 1785
San Diego, CA 92101
Tel: (619) 230-1144

Attorneys for Defendant and Counter-Plaintiff
BLUE STAR NUTRACEUTICALS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC | Case No.13CV06874RGK(PLAx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| BLUE STAR NUTRACEUTICALS, | |
| Defendant | |
| AND RELATED COUNTERCLAIMS | |

The Court recognizes that at least some of the documents, electronic data, and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties

have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials, as defined in paragraph 2 below, to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The purpose of this Order is to protect the confidentiality of such Materials as much as practically possible during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information disclosed or to be disclosed during this litigation including, without limitation, information contained in any Materials and information provided in documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that meets the designation requirements of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as set out in paragraphs 7 and 8, below.

2. The term "Materials" will include, but is not limited to:  documents; correspondence; e-mails; memoranda; bulletins; blueprints; specifications; customer lists or other matter that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; compilations from which information can be obtained and translated into reasonably usable form through detection devices;

sketches; drawings; notes; reports; instructions; disclosures; other writings; models and prototypes; and other physical objects.

3. The terms "Attorney" or "Counsel" will mean outside Counsel of Record, as defined below, and shall also include other attorneys, paralegals, secretaries, and other support staff employed by the law firms identified in the caption to this Order, as well as in-house counsel of the parties, provided that the in-house counsel serves no business function and solely functions as an attorney at the party company.

4. The terms "Attorney of Record" or "Counsel of Record" will mean (i) outside counsel who appear in the action in any capacity, whether on the pleadings, on the record in a deposition or in a hearing, or in any other circumstance associated with the action, as counsel for a party; (ii) partners, principals, counsel, associates, employees, and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks; and/or (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action.

5. The term "Independent Expert" will mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by Counsel to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a party or competitor of a party.

6. The term "party" or "parties" will mean the parties to this action and any third-parties subject to a subpoena in this action under Rule 45 of the Federal Rules of Civil Procedure.

**GENERAL RULES**

7.    Each party to this litigation that produces or discloses any Confidential Information and/or Materials, or any other information or Materials that the producing party believes should be subject to this Order, may designate the same as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        (a)    Designation as "CONFIDENTIAL":  Any party may use the "CONFIDENTIAL" designation only if, in the good-faith belief of such party and its Counsel, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such party.

        (b)    Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any party may use the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation only if, in the good-faith belief of such party and its Counsel, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such party, and such Materials are among that considered to be most sensitive by the party, including, but not limited to, trade secret or other confidential research, development, financial, or other highly sensitive commercial or business information and/or Materials. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials shall be shielded by the Court from public access, restricted from any access by the Parties, but available for review by Counsel for the Parties, subject to the provisions of paragraph 5, and by Independent Experts for the Parties.

7.     In the event the producing party elects to produce Materials for initial inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

8.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a)     The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the specific portions of the transcript (*i.e.,* page and line) be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)     The disclosing party will have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated Confidential Information is to be disclosed, any person, other than the

deponent and those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to paragraph 11 below; and

(c)    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must be filed conditionally under seal pending a ruling by the Court on the corresponding motion to file such information under seal.

9.    All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10.    All Confidential Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by Counsel (as defined in paragraph 3) of the receiving party and by Independent Experts (as defined in paragraph 5). The right of any Independent Expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or as approved by the Court. The party seeking approval of an Independent  Expert must provide written notice to Counsel for the producing party, which notice will include: (a) the individual's name and business title; (b) business address and country of residence; (c) business or profession; (d) the individual's curriculum vitae; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which

the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years and the time period(s) and brief description and subject matter of each consultancy or employment; and (h) an executed copy of the form attached hereto as **Exhibit A**, in advance of providing any Confidential Information of the producing party to the Independent Expert. Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed Independent Expert. Confidential Information may be disclosed to an Independent Expert if the fourteen (14) day period has passed and no objection has been made. The approval of Independent Experts must not be unreasonably withheld.

11.    All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel (as defined in paragraph 3) of the receiving party, by Independent Experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    (a)    Executives who are required to participate in policy decisions with reference to this action;

    (b)    Personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

    (c)    Stenographic and clerical employees associated with the individuals identified above.

12.    In addition to the individuals referenced in Paragraphs 8 through 10 above, all Confidential Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may also be viewable by independent legal translators retained to translate in connection with this action;

independent copying, scanning, technical support and electronic document processing services retained by Counsel in connection with this action; graphics, translation, or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by Counsel in connection with this action provided, however, that any such individual has read this Order in advance of disclosure, and has executed a copy of the form attached hereto as **Exhibit A** in advance of access.

13.     With respect to all Confidential Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

14.     All Confidential Information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information and/or Materials, must be retained in the custody of the Counsel for the receiving party, except that Independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

15.     If Confidential Information is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers—or the confidential portion thereof—under seal pursuant to Local Rule 79-5.1.  The application must show good cause for the under seal filing.  The application shall be directed to the judge to whom the papers are directed.  Pending ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

16.     In the event of a dispute regarding the designation or disclosure of Confidential Information, the procedure for obtaining a decision from the Court is

that set forth in Local Rule 37.  Prior to the filing of any motion relating to said dispute, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible pursuant to Local Rule 37-1.  If counsel are unable to settle their differences, they shall prepare a Joint Stipulation as required under Local Rule 37-2.  The Joint Stipulation shall be filed and served with the notice of motion.  If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, then the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

17.   All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18.   No party will be responsible to another party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

19.   If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the

receiving party within a reasonable amount of time following production of the inadvertently produced document that the document or thing produced is to be designated, as appropriate, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat such designated Confidential Information in accordance with this Order, once the designating party so notifies the receiving party. If the receiving party has disclosed such Confidential Information before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure, and the receiving party will make every effort to prevent further disclosure by the party and by the person(s) receiving such inadvertently produced Confidential Information.

20.     Unless otherwise permitted in writing between the producing party and a receiving party, any Independent Expert retained on behalf of receiving party who is to be given access to the producing party's Confidential Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as authorized under this Order, must agree in writing not to perform research development work or product development work directly or indirectly intended for commercial purposes substantially related to such designated Confidential Information.

21.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product.

22.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that the contents of

the Confidential Information must not be disclosed to those not authorized by this Order.

23.     This Order will be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24.     Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25.     The terms of this Protective Order do not extend beyond the commencement of trial.  Once a case proceeds to trial, all of the information designated as Confidential Information and/or kept and maintained pursuant to the terms of this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial.

26.     The restrictions and obligations set forth within this Order will not apply to any Confidential Information that: (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

27.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

28.     Transmission by facsimile is acceptable for all notification purposes within this Order.

29.     This Order may be modified by written agreement of the parties, subject to approval by the Court.

30.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

31.     Even after the termination of this action, the confidentiality and other obligations imposed by this Order will remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs.  Any Final Disposition of this action as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court. The parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

32.     Failure to follow or perform under the terms of this Order shall constitute a material breach of this Order.  The Parties have the right to seek relief from, damages for, or recovery of costs including attorneys' fees for, any such

breach..  This Order shall remain in full force and effect during any such litigation or claim arising out of or relating to this Order.

IT IS SO ORDERED this 27th day of March, 2014

_____

Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC | Case No.13CV06874RGK(PLAx) |
| Plaintiff, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER;** |
| vs. | |
| BLUE STAR NUTRACEUTICALS, | |
| Defendant | |
| AND RELATED COUNTERCLAIMS | |

I, _____, declare that:

1.     I am employed as

_____.

2.     I have received and read a copy of the Protective Order entered in the above-referenced action, Case No. 13CV06874-RGK(PLAx), and understand and agree to abide by its terms.

3.     I agree to keep all Confidential Information provided to me in this matter, in accordance with the restrictions in the Protective Order.

4.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

5.     I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Dated:

3

4   _____